[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
SUPPLEMENTAL MEMORANDUM OF DECISION
The plaintiff, William H. Hastings, has requested that a supplemental memorandum of decision be issued concerning the proper amount of interest that should be added to the $30,000 award that an attorney trial referee, W. A. Phillips, Esq., recommended the plaintiff recover from the defendant, Shaer Shoe Corporation. The court in a decision on December 22, 1992 approved this recommendation and entered judgment accordingly.
The attorney trial referee also recommended that interest of 10% per year be awarded to plaintiff, computed from August 30, 1990, when "defendant incurred a fixed obligation," to January 15, 1991, when the complaint was filed. The referee also recommended "prejudgment interest" of 12% per year computed from January 15, 1991, and an attorney's fee of $350. General Statutes 52-192a.
In approving the referee's report the court indicated that if plaintiff and defendant could not agree on the amount of interest, the dispute should be claimed to the short calendar, where it appeared on CT Page 3913 January 25, 1993 as motion #121.
In recommending 10% per year interest the referee did not refer to General Statutes 37-3a. This statute permits prejudgment interest "for the detention of money after it becomes payable." The standard for the imposition of interest is whether "the detention of the money is or is not wrongful under the circumstances." Middlesex Mutual Assurance Co. v. Walsh, 218 Conn. 681, 702, 590 A.2d 957 (1991).
Since the referee recommended the award of interest but did not make a specific factual finding that the defendant wrongfully withheld money, the case is remanded to the referee, as was done in Middlesex Mutual Assurance Co., supra, 703, "solely for a discretionary determination of the merits of. . . . [the] claim for prejudgment interest under 37-3a."
The 12% interest on the offer of judgment to which plaintiff is entitled under General Statutes 52-192a will be computed from January 15, 1991, when the complaint was filed, to December 22, 1992, when judgment entered. However, if the referee recommends prejudgment interest and that recommendation is accepted by the court, the offer of judgment interest would be based on $30,000 plus interest of $1,134, as calculated by the referee, or a total of $31,134. On the other hand, if the attorney trial referee does not find that the money was wrongfully withheld by defendant, then the offer of judgment interest of 12% would be based on $30,000. Thus, a remand to the referee is required under the circumstances.
So Ordered.
Dated at Stamford, Connecticut, this 23rd day of April, 1993.
William B. Lewis, Judges